ALLEN, APPELLANT, *v.* McGATH ET AL., D. B. A. R & C GARAGE, ET AL., APPELLEES.

(No. 7203—Decided May 14, 1963.)

*Mr. Frank Humphrey*, for appellant.
*Messrs. Abraham, Karam & Stanley*, for appellees Russ McGath and Clint Spanks.
*Mr. S. Myron Gurevitz*, for appellee Maurice D. Brooks.

TROOP, J.  A petition was filed in the trial court by the plaintiff, Oscar Allen, against three defendants, Russ McGath, Clint Spanks and Maurice D. Brooks.  The case was called for trial on July 13, 1962, at which time a motion and a demurrer were addressed to the petition and sustained.  Further pleadings were filed by leave of court and by rule.

According to the record, and the half-sheet, the case was again called for trial and proceedings had on October 1, 1962.  At the time of hearing, plaintiff made a motion to amend his petition, which was overruled.  Counsel for plaintiff made his opening statement, following which motions and demurrers were made on behalf of the various defendants.  We are concerned with only one of them in this appeal.

Under date of October 1, 1962, an extensive entry appears upon the half-sheet of the court.  Of importance here is the last portion of the entry which reads as follows:

"Motion of defendant Maurice Brooks as to first cause of action sustained.  Plaintiff granted leave to further plead on 2nd cause of action on or before Oct. 15, 1962."

The motion to which the entry applies is found in the record.  It appears as follows:

"* * * I will make a motion to the court to direct a verdict

on behalf of the defendant, Maurice Brooks, as to the first cause of action, because of failure to state a cause of action in opening statement of counsel."

It appears that the court sustained a motion for a directed verdict as to the first cause of action set out in the petition of the plaintiff at the close of the opening statement made by his counsel. From the order of the trial court sustaining the motion this appeal is taken. Authority for the making of the motion and an appropriate order of the court is found in the rule set out in 52 Ohio Jurisprudence (2d), page 674, Section 153. The essential language is as follows:

"According to the general rule, if the opening statement of counsel for the plaintiff as to what the plaintiff expects to prove in support of his allegations clearly shows that there is no cause of action in his favor, the trial court may in its discretion, on proper motion, direct a verdict or arrest the case from the jury and enter a judgment of dismissal of the plaintiff's petition * * *."

There is nothing in the record or on the journal, or half-sheet, of the court to show an entry of judgment by the court following the ruling sustaining the motion for a directed verdict. The conclusion that the entry of judgment is necessary is derived from the language contained in Section 2505.02, Revised Code, entitled "Final Order." The applicable language defining such an order is as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *."

Nothing in a ruling sustaining a motion for a directed verdict prevents a judgment. It is a matter of surmise what the judgment might be until it appears, especially in the instant case where the court gives the plaintiff leave to further plead on his second cause of action. It is conceivable that the court might have deliberately withheld judgment. A decision on a motion for a directed verdict is not a final order.

The cause is remanded to the trial court for further proceedings according to law.

*Appeal dismissed and cause remanded.*

BRYANT, P. J., and DUFFEY, J., concur.